**FILED**

June 23, 2021

**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**RYAN L. MEADOWS,**
**Claimant Below, Petitioner**

**vs.)   No. 20-0366** (BOR Appeal No. 2054600)
                    (Claim No. 2019002514)

**UNITED COAL COMPANY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ryan L. Meadows, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). United Coal Company, LLC, by Counsel Charity K. Lawrence, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on August 21, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its October 10, 2019, Order. The Order was affirmed by the Board of Review on April 14, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

1

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. W. Va. Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Meadows, an electrician, alleges that he injured his lower back and right leg in the course of his employment on July 27, 2018. Mr. Meadows has a long history of lower back and extremity issues. On October 8, 2010, a lumbar MRI was performed due to severe low back pain with right leg numbness. The MRI showed a left-sided disc herniation and disc degeneration at L5-S1, disc degeneration at L4-5, and osteoarthritic vertebral body lipping with facet hyperostosis.

Mr. Meadows was seen by Amy Brown, D.O., on November 16, 2010, for back pain. Mr. Meadows had seen a neurosurgeon, who recommended surgery, but Mr. Meadows declined. Dr. Brown diagnosed lumbar degenerative disc disease. On December 27, 2010, Mr. Meadows reported increased back pain with bilateral leg numbness. A lumbar MRI was performed on January 1, 2012, due to low back pain with left-sided radiculopathy. The MRI showed degenerative disc and degenerative joint disease at L4-5 and L5-S1, as well as bilateral foraminal encroachment at L5-S1. On February 18, 2013, Caleb Workman, D.O., saw Mr. Meadows for chronic low back pain and diagnosed lumbar degenerative disc disease.

In a March 20, 2013, treatment note, Chris Kincaid, M.D., noted that Mr. Meadows complained of low back pain. Mr. Meadows reported a history of a herniated disc. Dr. Kincaid diagnosed lumbar degenerative disc disease. On June 28, 2013, it was noted that Mr. Meadows was seeing Dr. Patel, who recommended a disc fusion. Dr. Kincaid diagnosed herniated lumbar disc and degenerative disc disease. On October 18, 2013, and April 14, 2015, Mr. Meadows reported increased lower back pain. Straight leg raising was positive in April on the left but not the right. Dr. Kincaid diagnosed left-sided lumbar radiculopathy, herniated lumbar disc, and lumbar degenerative disc disease. On September 11, 2015, Dr. Kincaid noted that Mr. Meadows had switched positions at work, which had helped his lower back pain. The diagnoses remained the same.

On October 1, 2015, a lumbar MRI was performed for low back pain that radiated to the left hip and leg. The MRI showed worsening degenerative disc and facet disease, L2-3 disc bulge, a central disc protrusion at L4-5, worsening mixed spondylitic L5-S1 disc protrusion, and sacroiliac joint arthropathy.

2

Mr. Meadows returned to Dr. Kincaid on March 11, 2016. Dr. Kincaid noted that Mr. Meadows continued to have low back pain and was being treated by himself, a pain clinic specialist, and an orthopedist. On June 22, 2016, it was noted that Mr. Meadows was considering lumbar spine surgery. On February 14, 2017, Mr. Meadows was seen for back pain. It was noted that he was no longer being treated at the pain clinic. He was diagnosed with lumbar radiculopathy and prolapsed lumbar intervertebral disc. Mr. Meadows reported worsening low back pain on October 27, 2017, following an injury last July. On February 1, 2018, Mr. Meadows reported to Dr. Kincaid that he had started falling at work two nights ago. The diagnosis was lumbar radiculopathy.

The Employees' and Physicians' Report of Injury was completed on July 27, 2018, and indicates Mr. Meadows injured his lower back and right leg while removing a bucket jack on a scoop. The physicians' section was completed by Dr. Kincaid who diagnosed lumbar radiculopathy, right leg pain, and lumbar intervertebral disc displacement. It was noted that the injury aggravated a preexisting injury/disease. Two days later, Mr. Meadows sought treatment from Beckley ARH Hospital and reported a work-related back injury. Mr. Meadows reported pain in his right hip/leg/calf. A lumbar x-ray showed moderate degenerative disc disease at L4-5 and L5-S1. Mr. Meadows was diagnosed with acute low back pain, back muscle spasms, and lumbar disc degeneration.

In a July 31, 2018, treatment note, Mr. Meadows reported to Dr. Kincaid that he was changing a jack at work when he pulled his back and developed pain in his right leg and numbness in his foot. It was noted that Mr. Meadows had a history of chronic back pain with herniated discs. Dr. Kincaid diagnosed prolapsed lumbar disc, lumbosacral radiculopathy, and right lower limb pain. Mr. Meadows was seen for a follow up on August 14, 2018, and September 27, 2018. He reported ongoing low back pain with numbness and tingling in the second and third toes of his right foot. The claims administrator rejected the claim on August 21, 2018, because it found no evidence of a new injury.

Prasadarao Mukkamala, M.D., performed a record review on October 29, 2018, in which he opined that Mr. Meadows did not suffer a low back or lower extremity injury on July 27, 2017. Mr. Meadows had experienced low back pain with radiculopathy since 2010, and pre-injury MRIs showed degenerative disc disease with spondylosis. Dr. Mukkamala concluded that Mr. Meadows sustained an aggravation of his preexisting lower back condition on July 27, 2018, not a discrete new injury.

Mr. Meadows testified in a February 28, 2019, deposition that on July 27, 2018, he experienced pain in his low back and right leg while changing a bucket jack on a scoop. His pain progressively worsened, and he reported the injury to his supervisor. He sought treatment two days later. Mr. Meadows asserted that his pre-injury low back condition mainly caused problems on the left side. Following the July 27, 2018, injury, the problems were mostly on the right. Mr. Meadows could recall no prior diagnosis of a herniated disc and denied any prior physical therapy or medication for his back. Mr. Meadows also denied changing job duties to accommodate his preexisting, chronic back pain. Further, Mr. Meadows did not recall seeing a neurosurgeon in 2010

or being told he should undergo back surgery. Mr. Meadows also did not recall seeing Dr. Kincaid in 2017.

The Office of Judges affirmed the claims administrator's rejection of the claim in its October 10, 2019, Order. It found that a preponderance of the evidence indicates Mr. Meadows did not sustain a discrete new injury on July 27, 2018. All of the medical diagnoses, with the exception of right leg pain, clearly predated the compensable injury. The Office of Judges found ample evidence in the record that Mr. Meadows suffered from numerous low back issues prior to July 27, 2018, including lumbar degenerative disc disease, herniated disc, and radiculopathy. The diagnoses are supported by MRIs, particularly one done in 2015 which showed progressive lumbar degenerative disc disease, an L2-3 disc bulge, an L4-5 disc protrusion/herniation, an L5-S1 disc protrusion contacting the nerve root, and sacroiliac joint arthropathy. Further, Mr. Meadows was treated for low back and lower radicular symptoms from 2010 through February of 2018. The symptoms were severe enough that a neurosurgeon recommended surgery in 2010 and in 2013, which Mr. Meadows declined.

The Office of Judges noted that following the July 27, 2018, incident, Mr. Meadows was diagnosed with acute low back pain and lumbar disc degeneration at Beckley ARH Hospital. The Office of Judges determined that low back pain is a symptom, not a diagnosis, and therefore cannot be held compensable. It also found that lumbar disc degeneration clearly preexisted the compensable injury. The Office of Judges found that the only other physician to see Mr. Meadows following the July 27, 2018, incident was Dr. Kincaid. His diagnoses were prolapsed lumbar disc, lumbosacral radiculopathy, and right lower limb pain. The Office of Judges found that the prolapsed disc clearly preexisted the compensable injury. It determined that there was no objective evidence to support a diagnosis of lumbar radiculopathy in relation to the July 27, 2018, incident. Neither Beckley ARH Hospital nor Dr. Kincaid found objective evidence of sensory or motor abnormalities.

Regarding right lower limb pain, the Office of Judges again noted that pain is a symptom, not a diagnosis. Further, there is no evidence Mr. Meadows directly injured his right leg on July 27, 2018. The Office of Judges found that while Mr. Meadows's preexisting pain was mainly left-sided, there was still evidence that Mr. Meadows had right leg symptoms as well. It was noted in December of 2010 that he had bilateral leg numbness and in April and September of 2015, Faber testing produced right-sided back pain. Finally, the Office of Judges found that Dr. Mukkamala's opinion that Mr. Meadows did not suffer a low back or lower extremity injury on July 27, 2017, was reliable. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 14, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-1, employees who receive injuries in the course of and as a result of their covered employment are entitled to benefits. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016), provides that a noncompensable, preexisting condition is not compensable

4

merely because it was aggravated by a compensable injury. If such an aggravation results in a discrete new injury, that new injury may be held compensable. The evidence clearly establishes that Mr. Meadows suffered from preexisting lumbar disc disease, herniations, and bilateral leg symptoms. Mr. Meadows has failed to establish that he sustained a discrete new injury on July 27, 2018. It appears that he merely sustained an aggravation of preexisting conditions. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 23, 2021**


**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

5